# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1875 | **DATE** | March 28, 2011 |
| **CASE TITLE** | Lawrence Latham (#2010-1114066) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [#3] and his initial partial payment is waived. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to continue making deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is directed to issue summons for Defendant Cook County, and the United States Marshals Service is appointed to serve it. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■[**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Plaintiff has submitted his complaint pursuant to 28 U.S.C. § 1983. Plaintiff alleges that Defendants Cook County and the Office of the Sheriff of Cook County has a policy of blanket strip searching inmates on intake at the Cook County Jail. More specifically, Plaintiff alleges that when he entered the Cook County Jail on January 19, 2011, he was, along with thirty to forty other inmates, subjected to a strip search. He alleges that several unnamed guards oversaw and conducted the search. He finally alleges that he reported the incident to jail administration, but was told that strip searching inmates on intake was jail policy.

    According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Cook County. *See Kim Young*, *et al. v. County of Cook, et al.*, Case No. 06 C 552 (N.D.Ill) (Kennelly, J.) However, Plaintiff cannot proceed on his claim against the Office of the Sheriff of Cook County, as it is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, the Office of the Sheriff of Cook County is dismissed as a Defendant.

      The Clerk shall issue summons for service of the complaint on Defendant Cook County (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.