# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1875 | **DATE** | October 15, 2012 |
| **CASE TITLE** | Lawrence Latham (#2010-1114066) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has brought a motion for class certification [#41]. For the reasons contained in this order, the motion is denied.

■ [For further details see text below.]              Docketing to mail notices.

## STATEMENT

    Plaintiff, Lawrence Latham, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to a blanket strip search policy on intake at the Cook County Jail in violation of his constitutional rights.

    Plaintiff has filed a motion for class certification that the Court denies. *Pro se* prisoners are generally not allowed to represent a class. The Court finds that maintaining this suit as a class action is not appropriate under the circumstances of this case. One of the prerequisites for class action certification is a finding that the representative parties can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A factor the Court must consider in determining the adequacy of representation is the qualifications and experience of the person actually conducting the litigation. *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *see also Jackson v. National Action Financial Services, Inc.*, 227 F.R.D. 284, 289 n. 6 (N.D. Ill. 2005) (Castillo, J.); *Mendez v. M.R.S. Associates*, No. 03 C 6753, 2004 WL 1745779, at *5 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.) Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class. *See, e.g., Pavone v. Aegis Lending Corp.*, No. 05 C 5129, 2006 WL 2536632, at *3 (N.D. Ill Aug. 31, 2006) (Aspen, J.).

    Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See, e.g., Turner-EL v. Illinois Bd. of Educ.*, No. 93 C 4918, 1995 WL 506011, at *5 (N.D. Ill. Aug. 22, 1995) (Moran, J.); *Lasley v. Godinez*, 833 F. Supp. 714, 715 n. 1 (N.D. Ill. 1993) (Aspen J.) (*pro se* prisoners could not adequately represent class of inmates); *Caputo v. Fauver*, 800 F. Supp. 168, 700 (D.N.J 1992) ("Every court that has

**(CONTINUED)**

                                                                                                                              AWL

considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). Given Plaintiff's *pro se* status, the Court concludes that it would be improper for this case to proceed as a class action.

Additionally, the Court has ordered Plaintiff to show cause why this case should not be dismissed in light of the U. S. Supreme Court's recent opinion in *Florence v. Board of Chosen Freeholders of County of Burlington, et al*. ___ U.S. ___ , 2012 U.S. LEXIS 2712, (April 2, 2012). It would be inappropriate for the Court to consider certifying a class in a case in which it is unclear that Plaintiff continues to have a valid claim to pursue. Accordingly, Plaintiff's motion for class certification is denied.